Filed 12/30/13  P. v. Cassity CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

LARRY CASSITY,

    Defendant and Appellant.

E059255

(Super.Ct.No. FSB09120)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**STATEMENT OF THE CASE**

On May 7, 1996, a jury found defendant guilty of second degree robbery (count 1) under Penal Code[1] section 211.  On May 13, 1996, the trial court found true one strike prior and one serious felony prior.  On June 10, 1996, the trial court sentenced defendant to a total indeterminate term of 30 years to life.

On April 22, 2013, defendant filed an in pro. per. "petition for recall of sentence" under section 1170.126.  On July 9, 2013, the trial court denied the petition finding that defendant "does not satisfy the criteria in [section] 1170.126[, subdivision] (e) and is not eligible."  On July 24, 2013, defendant filed a timely notice of appeal.

**STATEMENT OF FACTS**

A jury found defendant guilty of second degree robbery.  The information alleged that on or about October 15, 1996, defendant willfully, and by means of force and fear, took the personal property from Moses Preciado.

**ANALYSIS**

After defendant appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On October 18, 2013, defendant filed a four-page handwritten brief. In his brief, defendant challenges the trial court's denial of his petition to modify the sentence. We shall address defendant's contentions.

First, defendant appears to be arguing that he should be resentenced because the court found true only one prior strike. We agree with defendant about the true finding. In the clerk's transcript, the minute order from May 13, 1996, sates: "Court finds prior(s) 1 true." However, this does not change the outcome of the court decision to deny defendant's petition to modify his sentence under section 1170.126. As the trial court correctly found, under section 1170.126, subdivision (e)(1), defendant is ineligible for modification because he is serving an indeterminate term of life for a conviction of a serious felony within the meaning of section 1192.7.

Next, defendant seems to be analyzing section 667 and how the amendments to that section affect the true finding of his prior strike. Again, as stated *ante*, the true finding of his prior strike is not at issue in this appeal. This appeal is from the trial court's denial of defendant's petition to modify his sentence under section 1170.126. As discussed, defendant is not eligible for modification of his sentence because his underlying offense is a serious felony.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
                                                                    J.

We concur:

McKINSTER
            Acting P. J.

KING
                J.

4